UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIO FUNES (#574671)                                    CIVIL ACTION

VERSUS

TIMOTHY HOOPER, ET AL.                          NO. 21-00689-BAJ-RLB

## RULING AND ORDER

Plaintiff, a prisoner detained at the Louisiana State Penitentiary (LSP) in Angola, Louisiana, pursues claims of deliberate indifference to his serious medical needs based on prison officials' alleged failure to remove "a foreign object" embedded in his leg. (Doc. 5 at pp. 4-5). Plaintiff alleges that in 2017, after making "multiple requests for sick call" due to "intense pain in my leg of an unknown origin," an unnamed X-Ray Technician "took an X-ray," "discovered … a foreign object imbedded [sic] inside my leg," and shared the results with an unnamed Doctor. (*Id.* at p. 4). Rather than treating Plaintiff, however, the Doctor "received the X-ray, looked at it, but acted as if nothing was wrong." (*Id.* at pp. 4-5). The Doctor failed even to inform Plaintiff "about the presence of the foreign object." (*Id.* at p. 5). Untreated, "the foreign object" continued to cause Plaintiff "intense pain," affected his "walking and standing abilities," and "eventually caused a blood clot …, medically recognized as Deep Vein Thrombosis." (*Id.*).

Three years later, in October 2020, a different unnamed Doctor allegedly informed Plaintiff "that a foreign object was in [his] leg and this was causing intense pain," and scheduled Plaintiff for surgery. (*Id.*). "[O]n November 24, 2020, the foreign

object was surgically removed," but not before Plaintiff suffered "unnecessary infliction of pain which was easily corrected through routine surgery." (*Id.*). Plaintiff alleges that the three-year delay between the X-Ray Technician's 2017 discovery of "the foreign object" in his leg and its 2020 removal "result[ed] from an 'administrative practice' of delaying treatment for costs." (*Id.* at pp. 5-6).

Plaintiff initiated this action in November 2021, pursuing Eighth Amendment deliberate indifference claims against LSP Warden Hooper, and multiple LSP doctors and nurses identified only as "John or Jane Doe." (Doc. 1). Plaintiff timely submitted an Amended Complaint in February 2022, which addressed various clerical deficiencies in his original pleading, but did not add any allegations, or identify the "John or Jane Doe" Defendants. (Docs. 3, 5). Plaintiff has served his operative Amended Complaint on Warden Hooper, but his attempts to serve the "John or Jane Doe" Defendants have been returned "unexecuted." (Docs. 11, 12, 13, 14, 15).

Now before the Court is Warden Hooper's **Motion To Dismiss Pursuant To Rule 12(b)(1) And 12(b)(6) (Doc. 19)**, which argues: (1) Plaintiff's official capacity claim seeking money damages is obviously barred; (2) Plaintiff's official capacity claim for declarative or injunctive relief fail because Plaintiff's medical condition has been treated and there is no "ongoing violation of federal law" to be remedied; and (3) Plaintiff's individual capacity claim cannot overcome qualified immunity. Plaintiff opposes Warden Hooper's motion. (Doc. 22).

The Magistrate Judge has now issued a **Report and Recommendation**

2

**(Doc. 27, "R&R")**, recommending that Warden Hooper's Motion be granted, and that Plaintiff's claims against Warden Hooper be dismissed with prejudice. The R&R further recommends that Plaintiff's claims against the "John or Jane Doe" Defendants be dismissed *sua sponte*, without prejudice, due to Plaintiff's failure to timely identify and serve these Defendants. Plaintiff objects to the R&R, and requests "an opportunity to amend his complaint to clarify … the dates and events of the actions or inactions of each defendant." (Doc. 28).

Upon *de novo* review, and having carefully considered Plaintiff's Amended Complaint, Warden Hooper's Motion to Dismiss, Plaintiff's objections, and related filings, the Court agrees with the R&R's assessment that Plaintiff's allegations fail to state an actionable official capacity claim against Warden Hooper. The Eleventh Amendment bars all suits for money damages against Warden Hooper in his official capacity as LSP Warden, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002), and limits suits for injunctive or declaratory relief to situations involving *ongoing* constitutional violations. *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (explaining that an official capacity claim must seek prospective declaratory or injunctive relief to redress ongoing unconstitutional conduct). Plaintiff expressly alleges that he underwent surgery to remove "the foreign object" in November 2020, and does not otherwise allege ongoing unconstitutional conduct. Plaintiff's official capacity claim must be dismissed.

Further, the Court agrees that Plaintiff's allegations currently fall short of an

actionable individual capacity claim. There are two paths to establish individual capacity liability for a constitutional violation against a supervisory official such as Warden Hooper. First, and most obvious, the supervisory official may be liable if he was "personally involved in the acts causing the deprivation of a person's constitutional rights." *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff does not allege Warden Hooper's personal involvement in the failure to remove "the foreign object" from his leg. As such, this path is a dead end.

Alternatively, a supervisory official who is *not* directly involved in a constitutional violation may nonetheless be liable for his "failure to adopt policies if that failure causally results in a constitutional injury." *Buchicchio v. LeBlanc*, --- F.Supp.3d ----, 2023 WL 2027809, at *13 (M.D. La. 2023) (Jackson, J.) (quoting *Crittindon v. LeBlanc*, 37 F.4th 177, 186 (5th Cir. 2022)).

> A plaintiff asserts a viable "failure to adopt policies" claim when the allegations plausibly establish that the supervisory official acted, or failed to act, with deliberate indifference, that is, a disregard for a known or obvious consequence of his actions. Further, the plaintiff must plausibly allege that the supervisory official had actual or constructive notice that his failure to adopt policies would result in the alleged constitutional violation. **This typically requires showing notice of a pattern of similar constitutional violations' due to deficient policies, permitting the inference that the defendant deliberately chose policies causing violations of constitutional rights.**

*Id.* (emphasis added; quotation marks, alterations, and citations omitted).

Here, Plaintiff comes *close* to stating a viable "failure to adopt policies" claim against Warden Hooper. Certainly, Plaintiff has alleged an underlying Eighth

4

Amendment injury capable of overcoming Warden Hooper's qualified immunity defense. The Eighth Amendment's prohibition against cruel and unusual punishment is violated when prison officials "deliberately withhold[] critical care in the face of an acute life-threatening condition." *Marlowe v. LeBlanc*, No. 18-cv-00063, 2023 WL 2957810, at *5 (M.D. La. Apr. 14, 2023) (Jackson, J.) (citing authorities). This is exactly what Plaintiff contends happened here: in 2017, an unnamed LSP Doctor reviewed an X-ray showing a "foreign object" in Plaintiff's leg, but deliberately withheld critical care due to an "'administrative practice' of delaying treatment for costs." (Doc. 5 at p. 5). "[O]utright refusal to treat a known serious medical need establishes 'malicious intent' capable of sustaining an Eighth Amendment claim." *Marlowe*, 2023 WL 2957810, at *6.

Plaintiff falls short at the next step, however, because he does not sufficiently show a *causal connection* between the unnamed Doctor's failure to provide treatment, and Warden Hooper's policies and practices. Instead, Plaintiff asserts without elaboration that the unnamed Doctor's refusal to provide treatment resulted from "an 'administrative practice' of delaying treatments for costs," and *implies* that Warden Hooper knew of and approved this practice. (Doc. 5 at pp. 5-6). These allegations, standing alone, are too speculative to support a plausible "failure to adopt policies" claim because they are not accompanied by allegations establishing a pattern of similar instances when LSP medical personnel refused treatment to inmates in order to save money. *See Buchicchio*, 2023 WL 2027809, at *13. Absent "a pattern of similar

5

constitutional violations' due to deficient policies," the Court *cannot* draw "the inference that [Warden Hooper] deliberately chose policies causing violations of constitutional rights." *See id.* Thus, Plaintiff's "failure to adopt policies" claim against Warden Hooper must also be dismissed.

Federal Rule of Civil Procedure 15(a) dictates that the Court should generally allow amendment before dismissing a claim with prejudice, unless amendment clearly would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). Plaintiff requests the opportunity to amend to clarify "the dates and events of the actions or inactions of each defendant." (Doc. 28). There are no additional facts consistent with Plaintiff's current allegations that would resuscitate Plaintiff's official capacity claim against Warden Hooper. As such, this claim will be dismissed with prejudice, as recommended in the R&R.

Plaintiff's individual capacity claim, however, is a different matter. Given Plaintiff's allegations of outright refusal to provide critical medical care, and Plaintiff's assertion that this refusal resulted from an "'administrative practice' of delaying treatment for costs," it is possible that Plaintiff may yet state a viable "failure to adopt policies" claim. Accordingly, the Court will allow Plaintiff one opportunity to amend his complaint to clarify his allegations, and to establish Warden Hooper's actual or constructive notice that his failure to adopt policies would result

6

in the alleged constitutional violation by adding specific allegations of similar instances when LSP medical personnel refused treatment to inmates to save money. Of course, any such allegations—to the extent they exist—must be supported by a good faith basis in fact.

Further, consistent with the Court's ruling allowing amendment against Warden Hooper, the Court will defer dismissal of the "John or Jane Doe" Defendants for lack of timely service, and will instead allow Plaintiff to identify and name the "John or Jane Doe" Defendants in his forthcoming amended complaint, so that they may be properly served.

In sum, the Court **APPROVES IN PART** the R&R's analysis of Plaintiff's claims against Warden Hooper. Specifically, the Court **APPROVES** and **ADOPTS** the R&R's analysis of Plaintiff's official capacity claim, as supplemented herein, and will dismiss this claim with prejudice. Further, the Court **APPROVES** and **ADOPTS** the R&R's initial analysis of Plaintiff's individual capacity claim against Warden Hooper, but will allow Plaintiff one opportunity to amend his complaint to supplement his allegations of an unconstitutional "failure to adopt policies" claim. Finally, the Court will defer dismissal of the "John or Jane Doe" Defendants, and allow Plaintiff the opportunity to identify and name these Defendants in his forthcoming amended complaint. Accordingly,

**IT IS ORDERED** that Warden Hooper's **Motion To Dismiss Pursuant To Rule 12(b)(1) And 12(b)(6) (Doc. 19)**, be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** and that Plaintiff's official capacity claim against Warden Hooper be and is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** and that Plaintiff's individual capacity claim against Warden Hooper be and is hereby **DISMISSED, WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within 45 days of the date of this Order, addressing the deficiencies identified herein.

**IT IS FURTHER ORDERED** that Warden Hooper's response to Plaintiff's amended complaint (if any) shall be submitted within 14 days of service of the same. Fed. R. Civ. P. 15(a)(3).

**IT IS FURTHER ORDERED** that the "John or Jane Doe" Defendants response(s) to Plaintiff's amended complaint (if any) shall be submitted within 21 days of citation and service of the same. Fed. R. Civ. P. 12(a)(1)(A)(i).

**IT IS FURTHER ORDERED** that Plaintiff's failure to timely submit an amended complaint will result in a judgment dismissing with prejudice all claims against Warden Hooper, and dismissing without prejudice of all claims against the unnamed "John or Jane Doe" for failure to affect timely service.

Baton Rouge, Louisiana, this 10th day of May, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA